UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKAT ZHARMATOV, A-241-380-091,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-05240 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background[1]

Petitioner is a native and citizen of Kyrgyzstan who presented at a port of entry on or about November 6, 2023, for the purpose of applying for admission to the United States. ECF No. 1 at 2, 5; ECF No. 1-1 at 6. On January 26, 2024, petitioner was issued a Notice to Appear, which identified him as an arriving alien, subject to removal under section 212(a)(7)(A)(i)(I) of

[1] In their response to the petition, respondents did not deny petitioner's factual allegations. Accordingly, the facts contained in the petition are deemed admitted and will be relied upon unless the record reflects contrary facts. See ECF No. 7; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

the Immigration and Nationality Act ("INA"). ECF No. 1-1 at 6. On February 8, 2024, petitioner received an Interim Notice Authorizing Parole (issued in lieu of Form I-94) from U.S. Immigration and Customs Enforcement ("ICE"), notifying him that he was paroled into the country pursuant to INA section 212(d)(5)(A), 8 U.S.C. § 1182(d)(5). Id. at 13-14; ECF No. 1 at 2, 5. Petitioner asserts that he remained compliant with all conditions of his parole, including reporting for regular ICE check-ins, submitting to required home visits, and continuously wearing a GPS monitoring device supplied by ICE. ECF No. 1 at 6-7; ECF No. 1-1 at 16. He has a pending application for asylum and has obtained U.S. employment authorization. ECF No. 1 at 2, 7; ECF No. 1-1 at 18, 21. On June 27, 2026, petitioner was re-detained when he appeared at his regularly scheduled ICE check-in. ECF No. 1 at 2, 6. Petitioner was transferred to the Golden State Annex Detention Center, where he has remained in immigration detention without an individualized bond hearing. Id. at 2-4.

II. Procedural History

On July 7, 2026, the court received petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges his detention. ECF No. 1. Respondents were directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), and other similar cases previously decided by this court." ECF No. 6. Respondents filed their response, and petitioner replied. ECF Nos. 7, 8.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.

Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

The petition asserts that (1) petitioner is unlawfully mandatorily detained under 8 U.S.C. § 1225(b)(2), (2) ICE unlawfully terminated petitioner's parole without written notice and explanation as required under the INA's implementing regulations, and (3) petitioner's re-detention and continued detention without a timely bond hearing is arbitrary, fails to serve a legitimate government interest, and fails to afford procedural safeguards. Id. at 8-11. By way of relief, the petition seeks petitioner's "immediate[ ] release from custody on his own recognizance or under appropriate conditions of supervision, or, in the alternative, . . . a timely individualized bond hearing before a neutral immigration judge (or other appropriate adjudicator) at which the government bears the burden of justifying continued detention." Id. at 11-12. The petition also seeks an order declaring that petitioner's detention violates the INA, the Administrative Procedure Act ("APA"), and the Fifth Amendment Due Process Clause; enjoining respondents from re-arresting or re-detaining petitioner absent a violation of the conditions of his release or changed circumstances; and granting attorneys' fees and costs and any other relief deemed just and proper. Id.

As noted above, the court's briefing order directed a response to the petition and that respondents substantively address whether this case is materially distinguishable from Lida G.B., Mohammad S., and other similar cases. See ECF No. 6. In Mohammad S. and Lida G.B., noncitizens asserted a violation of their due process rights based on the revocation of their release. Mohammad S., 2026 WL 480095; Lida G.B., 2026 WL 19104.[2] In each, the court found

[2] Lida G.B. also asserted petitioner's detention violated the INA. Lida G.B., 2026 WL 19104, at *2.

procedural due process requires a pre-deprivation notice and hearing to determine whether re-detention is warranted. Mohammad S., 2026 WL 480095, at *5; Lida G.B., 2026 WL 19104, at *5. Because Mohammad S. and Lida G.B. were not afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining petitioners absent compliance with specific pre-deprivation procedural protections. Mohammad S., 2026 WL 480095, at *5; Lida G.B., 2026 WL 19104, at *6.

In their response to the petition at bar, respondents do not reference or present any facts to distinguish this case from the court's prior orders in Mohammad S. or Lida G.B. ECF No. 7. Rather, respondents concede that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." Id. Nevertheless, respondents contend that petitioner is an "applicant for admission," subject to mandatory detention under 8 U.S.C. § 1225(b), who does not possess a right to freedom from immigration detention in any form other than that provided by Congress. Id. (citing Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cit. 2026)).

However, "this court has [routinely] found that the Due Process Clause requires that, in order for the government to *re-detain* a noncitizen who has been *previously released* on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered." Sharma v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) (quoting Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1) (collecting cases); see also Wistong F.v. Immigration and Customs Enforcement, No. 1:26-cv-03399 TLN DMC, 2026 WL 1361794, at *2-4 (E.D. Cal. May 15, 2026); Juan Carlos V.B. v. Chestnut, No. 1:26-cv-03077 TLN SCR, 2026 WL 1224238, at *2-4 (May 5, 2026); Mohammad S., 2026 WL 480095, at *5; Lida G.B., 2026 WL 19104, at *5-6; Chavarria v. Chestnut, No. 1:25-cv-01755 DAD AC, 2025 WL 3533606, at *3-4 (E.D. Cal. Dec. 9, 2025). Considering the facts of this case and respondents' concession that it is not materially distinguishable from other cases in which this court has ordered habeas relief, the undersigned

adopts and incorporates by reference the reasoning in those cases and finds that petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. Because relief is appropriate on petitioner's due process claim based on the revocation of his release, the court declines to address petitioner's other claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release and an injunction against unlawful re-arrest or re-detention).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner ASKAT ZHARMATOV, A-241-380-091, with the same conditions he was subject to immediately prior to his detention on June 27, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.

    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

4. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the

conditions of his supervision are the same as those to which he was subject prior to his June 27, 2026 detention.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE