UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ASKAT Z.,[1]

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-05240-TLN-AC

(A# 241-380-091)

**RELEASE ORDER**

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 24, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 9.) Respondents filed objections to the findings and recommendations. (ECF No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

court finds the findings and recommendations to be supported by the record and by proper analysis.

Respondents object to the relief recommended by the magistrate judge and assert the remedy should be a bond hearing rather than immediate release. (ECF No. 10.) Courts in the Ninth Circuit are consistently rejecting Respondents' position as to the application of 8 U.S.C. § 1225(b)(2) to persons like Petitioner who have been released into the United States and instead finding 8 U.S.C. § 1226(a) and its procedural protections governs their detention. Should Respondents wish to provide "the process permitted under 8 U.S.C. § 1226(a)" (ECF No. 10 at 2), they should do so *before* Petitioner is forced to seek judicial relief to obtain relief from unlawful detention. The Court will not give Respondents a free pass to deny Petitioner his statutory and constitutional rights first and comply with the law later, only after Petitioner has no other option than to seek judicial relief. The appropriate remedy in this case is not to bring the government into conformity with its governing statutes; it is to release Petitioner from unlawful custody. *See Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *3 (E.D. Cal. Apr. 16, 2026) (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy)).

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations (ECF No. 9) are adopted in full as follows:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondents shall IMMEDIATELY RELEASE Petitioner Askat Z. (A# 241-380-091) under the same conditions he was subject to immediately prior to his detention on June 27, 2026. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner absent

compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where:

(a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or

(b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017). At any such hearing, Petitioner shall be allowed to have counsel present.

4. Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion.

5. **By July 31, 2026**, Respondents shall file a **notice of compliance** confirming Petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his June 27, 2026, detention.

6. The Clerk of Court is directed to serve the **Golden State Annex Detention Facility** with a copy of this Order.

7. The Clerk of Court is further directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATE: July 30, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE